**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50428 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00307-BEN |
| v. | |
| ROBERTO OROPEZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 27, 2011[**]

Before:     HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Roberto Oropeza appeals from the 70-month sentence imposed following his

guilty-plea conviction for being a deported alien found in the United States, in

violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and

we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Oropeza contends that the district court procedurally erred at sentencing by applying "recency points" under Sentencing Guideline § 4A1.1(e) (2009), without considering the Sentencing Commission's stated reasons for eliminating the application of such points in proposed Amendment 742. Oropeza further contends, for the first time on appeal, that the district court procedurally erred at sentencing by applying, without explaining, a 16-level enhancement based on the fact that he was previously deported subsequent to committing a crime of violence. The record reflects that the district court properly calculated the Guidelines range, considered the parties' arguments and the sentencing factors set forth in 18 U.S.C. § 3553(a), adequately explained the sentence imposed, and that the sentence is procedurally sound. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc); *see also* U.S.S.G. § 1B1.11(a) (directing district courts to "use the Guidelines Manual in effect on the date that the defendant is sentenced").

Oropeza also contends that the sentence is substantively unreasonable. The record reflects that the district court's decision not to vary from the Guidelines range in light of a proposed Guidelines Amendment, which deleted the inclusion of recency points from a defendant's criminal history score, was not an abuse of discretion and that, in light of the totality of the circumstances, the sentence within the Guidelines range is not substantively unreasonable. *See Carty*, 520 F.3d at

2                                                                                              10-50428

993; *see also United States v. Ruiz-Apolonio*, No. 10-50306, 2011 WL 4060803

(9th Cir. Sept. 14, 2011).

**AFFIRMED.**